STATE OF NORTH DAKOTA

COUNTY OF CASS

IN DISTRICT COURT

EAST CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| SW Design Build, Inc.,<br><br>     Plaintiff,<br><br> v.<br><br>Auto Owners Insurance,<br><br>     Defendant. | Case No. _____<br><br><br>**SUMMONS** |

THE STATE OF NORTH DAKOTA TO THE ABOVE-NAMED DEFENDANT:

  You are hereby summoned and required to appear and defend against the Complaint in this action which is herewith served upon you by serving upon the undersigned an Answer or other proper response within twenty-one (21) days of service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

  Dated this 5th day of April, 2016.

        **VOGEL LAW FIRM**

        BY: Steven F. Lamb (#04313)
        218 NP Avenue
        PO Box 1389
        Fargo, ND  58107-1389
        Telephone:  701.237.6983
        Email:  slamb@vogellaw.com
        ATTORNEYS FOR SW DESIGN BUILD, INC.

2517872.1

STATE OF NORTH DAKOTA

COUNTY OF CASS

IN DISTRICT COURT

EAST CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| SW Design Build, Inc., | |
| Plaintiff, | Case No. _____ |
| v. | |
| Auto Owners Insurance, | **COMPLAINT** |
| Defendant. | |

[¶1]   SW Design Build, Inc, (hereinafter referred to as "SW Design" and/or "Plaintiff") for its claims against Auto Owners Insurance (hereinafter referred to as "Auto Owners" and/or "Defendant"), states and alleges as follows:

[¶2]   Plaintiff SW Design is a Minnesota corporation, authorized to do construction business in North Dakota.

[¶3]   Defendant Auto Owners is a corporation authorized to conduct insurance business and engaged in the business of insurance in the State of North Dakota with its principal place of business located in Lansing, Michigan.

[¶4]   At all times relevant for purposes of this action and for the payment and receipt of annual premium money to Auto Owners, SW Design was issued and was insured under a Commercial General Liability (CGL) Policy number (008535209) with a General Aggregate, Products-Completed Operations Aggregate, and each occurrence limit of $1,000,000, written under Endorsement 55300 (0-05) (hereinafter referred to as "the policy").

[¶5]   This Court has personal jurisdiction over Auto Owners and subject matter jurisdiction over the claims asserted in this case.

[¶6]   In a complaint dated November 12, 2015, SW Design was named as the defendant in a lawsuit brought by Continental Western Insurance Company in Ward County, North Dakota (hereinafter "the underlying action").

[¶7]   A justiciable controversy exists between the parties in this action which is ripe for a declaratory judgment.  This Complaint for Declaratory Judgment is initiated pursuant to North Dakota Century Code Chapter 32-23 and is seeking a determination as to whether the Defendant Auto Owners has a duty to defend the Plaintiff in the underlying action.

[¶8]   SW Design was served with the summons and complaint dated November 14, 2015, initiating "the underlying action" and containing numerous allegations for damages from a burst sprinkler head occurring on February 4, 2015, arising from broadly defined claims of negligence, breach of implied warranties, and breach of contract.  The allegations in "the underlying action" include but are not limited to: negligently installing sprinkler piping and head in areas subject to freezing temperatures; negligently failing to install sprinkler piping and head in areas set forth on the plan; negligently failing to adequately protect the sprinkler piping and head from freezing temperatures; negligently failing to take the proper measures to remedy the situation after becoming aware of the potential for freezing, negligently failing to adequately supervise the subcontractor's work; breaching its implied warranties of good and workmanlike design and construction, and in compliance with applicable codes, and suitable for ordinary purpose for which it might reasonably be used; and breaching its contract by failing to ensure that the construction was completed in a

2512725.1

safe and workmanlike manner, and not resulting in damage to the building and its contents, and not properly monitoring and supervising the subcontractors.

[¶9]   The claim for damages was duly submitted to Auto Owners, which denied coverage in a letters dated April 10, 2015, and April 21, 2015, under the policy and specifically referenced as the basis for denial were:   SECTION I –COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement, 2. Exclusions (a. Expected or Intended Injury, j. Damage To Property, k. Damage To Your Product, l. Damage To Your Work); and SECTION V-DEFINITIONS, 14. "Occurrence," 18. "Property damage," 26. "Your product," 27. "Your Work."

[¶10]   The underlying action was tendered to Auto Owners to defend, but it failed to provide any written response to the written tender of defense.

[¶11]   That under the terms of "the policy," SW Design has insurance coverage under "the policy" including coverage through all endorsements for some or all of the claims made in the underlying claim, and including "the right and duty [of Auto Owners] to defend the insured [SW Design] against any 'suit' seeking those damages."

[¶12]   That there exists a controversy between the parties to this action regarding the scope of coverage, and pursuant to N.D.C.C. Chap 32-23 the court has authority to declare the rights of the parties under "the policy."   SW Design also seeks a declaration that it has insurance coverage under "the policy" including coverage through all endorsements for some or all of the claims made in the underlying claim, and/or including "the right and duty [of Auto Owners] to defend the insured [SW Design] against any 'suit' seeking those damages."

2512725.1

[¶13]   That under the terms of "the policy," Auto Owners has breached the contract of insurance with SW Design to provide insurance coverage under "the policy" including coverage through all endorsements for some or all of the claims made in the underlying claim, and including "the right and duty [of Auto Owners] to defend the insured [SW Design] against any 'suit' seeking those damages."   As a direct result of Auto Owners' breach of contract, SW Design has incurred and/or will incur damages, including but not limited to liability for any potential judgment in the underlying action, and attorney's fees and costs incurred in defense and appeal of the underlying action, and attorney's fees and costs incurred in connection with this action.

[¶14]   At all material times hereto, Auto Owners was bound by an implied covenant of good faith and fair dealing with Plaintiff.

[¶15]   Among other things, Auto Owners had the following duties and obligations to the Plaintiff:  to properly investigate the claim presented by Plaintiff; to properly analyze and consider the insurance coverage provided to SW Design under Auto Owners' policy; to understand the terms and conditions of its policy of insurance; to accurately represent the pertinent facts and policy provisions relating to coverage; to clearly communicate its position regarding the coverage provided; to broadly construe the grants of coverage provided and narrowly construe the policy exclusions and limitations; to construe any ambiguity in the policy in favor of the insured Plaintiff; to attempt to settle; to not unreasonably withhold the payment of insurance benefits provided by Auto Owners' policy in exchange for the annual premium paid by Plaintiff; and to not place Auto Owners' own financial interest above the interest of its insured, SW Design.

2512725.1

[¶16]   Auto Owners has wrongfully, in bad faith, and in breach of its obligations of good faith and fair dealing, denied and withheld coverage and benefits properly due to Plaintiff under Auto Owners' policy, including the breach of duties as follows:  failing and refusing to make an adequate investigation and evaluation of the claims before denying benefits due Plaintiff under the policy; acting to deny coverage knowing that it lacked a reasonable basis for doing so; failing and refusing to clearly communicate its position regarding coverage in a timely manner; failing and refusing to provide a reasonable interpretation of the provisions in the policy of insurance or to make a reasonable application of those provisions to the damages sought by the Plaintiff; misrepresenting pertinent facts and policy provisions relating to the coverage at issue; failing to understand the terms of its own Policy and how coverage applies; refusing to respond to the written tender of defense by SW Design; acting to protect its own financial interest at the expense of Plaintiff's rights, time, interests and financial well being; refusing to provide coverage for an underinsured claim, thereby compelling Plaintiff to retain counsel to initiate this action to recover benefits under Auto Owners' policy.

[¶17]   Auto Owners' conduct was negligent, malicious, fraudulent, and/or oppressive, and/or undertaken knowingly or in reckless disregard of the Plaintiff's rights and interests.

[¶18]   As a direct and proximate result of the conduct of Auto Owners, the Plaintiff has sustained losses and damages.

[¶19]   Plaintiff reserves its right to seek amendment of its Complaint to assert a claim for punitive and exemplary damages.

5

[¶20]   That as further evidence of Auto Owners' bad faith, Auto Owners committed the acts referred to herein without just cause and as part of a general business practice.  Such actions are in violation of unfair claims practices of North Dakota Century Code Chapter 26.1-04 and further evidence of Auto Owners' breach of the covenant of good faith and fair dealing.

[¶21]   WHEREFORE, Plaintiff requests judgment against Defendant Auto Owners for the following relief:

[¶22]   1.   Determining and adjudicating the rights and liabilities of the parties under Auto Owners' policy;

[¶23]   2.   Declaring that Auto Owners' policy provides liability coverage to SW Design for some or all of the claims made in the underlying action, and/or declaring "the policy" obligates Auto Owners the duty to defend the insured SW Design against the underlying action, and declaring Auto Owners liable for SW Design's attorney fees in defending the underlying suit;

[¶24]   3.   Awarding Plaintiff compensatory damages in a sum in excess of Fifty Thousand and no/100 Dollars ($50,000);

[¶25]   4.   Awarding Plaintiff attorney's fees incurred in the prosecution of this action for its breach of the duty to defend Plaintiff pursuant to *State Farm Fire & Cas. Co. v. Sigman*, 508 N.W.2d 323, 326 (N.D. 1983); *Prince v. Universal Underwriters Ins. Co.*, 143 N.W.2d 708, 717 (N.D. 1966); and N.D.C.C. Chap 32-23.

[¶26]   5.   Granting Plaintiff leave to amend the Complaint to assert a claim for punitive and exemplary damages; and

6

[¶27]   6.      For the costs and disbursements of the Plaintiff and for such other relief as to the Court may seem just and equitable.

PLAINTIFF DEMANDS A JURY TRIAL.

Dated this 5th day of April, 2016.

VOGEL LAW FIRM

BY:  Steven E. Lamb (#04313)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Telephone:  701.237.6983
Email:  slamb@vogellaw.com
ATTORNEY FOR PLAINTIFF